Honorable Charles M. Holcomb Circuit Judge Eighteenth Judicial Circuit
QUESTION: May a holder of a concealed firearms license pursuant to s. 790.06, F.S. (1990 Supp.), legally carry or wear the firearm unconcealed, i.e., on the outside of his clothing, in the same places in which one may legally carry a concealed firearm without violating s. 790.053, F.S.?
SUMMARY: A person who is licensed pursuant to s. 790.06, F.S. (1990 Supp.), to carry a concealed firearm is not authorized by virtue of that license to openly carry a firearm in violation of s. 790.053, F.S.
Section 790.053, F.S., specifically prohibits the open carrying of weapons:
 Except as otherwise provided by law, it shall be unlawful for any person to openly carry on or about his person any firearm or electric weapon or device; provided, however, that a person may openly carry a stun gun or nonlethal electric weapon or device designed solely for defensive purposes, which weapon does not fire a dart or projectile. Any person violating this section shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Thus, in the absence of a statute specifically authorizing such conduct, it is unlawful for any person to openly carry a firearm.
Carrying concealed weapons is also made unlawful by Florida law. Section 790.01(1), F.S., provides that "[w]hoever shall carry a concealed weapon or electric weapon or device on or about his person shall be guilty of a misdemeanor of the first degree . . . ." However, the provisions of this statute do not apply to persons licensed as set forth in s. 790.06, F.S. (1990 Supp.).[1]
Section 790.06, F.S., supra, authorizes the Department of State to issue licenses to carry concealed weapons or concealed firearms[2] to persons who meet the statutory requirements. Among the requirements for licensure are Florida residency for at least six months, attaining the age of 21, absence of a physical infirmity which would prevent the safe handling of a firearm, absence of a felony conviction, and demonstrated firearm competency.[3]
Further, the provisions of ss. 790.053, F.S., and 790.06, F.S. (1990 Supp.), do not apply in those instances provided in s.790.25(3), F.S. (1990 Supp.). When using a firearm lawfully, as set forth in this statute, a person does not need a license when engaged in such activities as: fishing, camping or lawful hunting or going to or returning from a fishing, camping, or lawful hunting expedition;[4] and traveling by private conveyance when the firearm is securely encased or in a public conveyance when the weapon is securely encased and not in the person's manual possession.[5] A person possessing arms at his or her home or place of business is also within the scope of this statute.[6]
Thus, the possession of a concealed weapons license does not authorize a person to openly carry a weapon. However, to the extent that a weapon is carried openly for the specified lawful uses set forth in s. 790.25(3), F.S. (1990 Supp.), or as otherwise authorized by statute, such conduct is lawful.
[1] Section 790.01(3), F.S. And see, s. 790.051, F.S., which exempts law enforcement officers from the licensing and penal provisions of Ch. 790, F.S. when acting within the scope of their official duties.
[2] Section 790.06(1), F.S. (1990 Supp.), defines a concealed weapon or concealed firearm as "a handgun, electronic weapon or device, tear gas gun, knife, or billie, but the term does not include a machine gun . . . ."
[3] See, s. 790.06(2), F.S. (1990 Supp.), for a complete list of the qualifications an applicant must meet for licensure.
[4] Section 790.25(3)(h), F.S. (1990 Supp.).
[5] Section 790.25(3)(l), F.S. (1990 Supp.).
[6] Section 790.25(3)(n), F.S. (1990 Supp.).